Juhi S. Aggarwal, OSB No. 130764
jaggarwal@oregonlawcenter.org
Ellen Johnson, OSB No. 802785
eljohnson@oregonlawcenter.org
Michael Pijanowski, OSB No. 004426
mpijanowski@oregonlawcenter.org
Edward Johnson, OSB No. 965737
ejohnson@oregonlawcenter.org
OREGON LAW CENTER
230 NE 2nd Ave., Suite F
Hillsboro, OR 97124
(503) 640-4115

Of Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| LILY HILBURN, LISA MCFALLS, MICHAEL MCFALLS, FRED WOODRING, and COMMUNITY ACTION RESOURCE ENTERPRISES, INC., an Oregon not-for-profit organization,<br><br>                Plaintiffs,<br><br>  v.<br><br>MICHAEL YOUNG, Acting Secretary of the Department of Agriculture; ROGER GLENDENNING, Acting Undersecretary for Rural Development; RICH DAVIS, Acting Administrator Rural Housing Service; JILL REES, Acting Oregon Rural Development State Director; GAYLORD GEORGE & VICKY SHIVELEY REVOCABLE TRUST; and VICKY F. SHIVELEY, Trustee,<br><br>                Defendants. | Case No. 3:16-cv-02116-SI<br><br>PLAINTIFF'S RESPONSE IN OPPOSITION TO FEDERAL DEFENDANTS' MOTION FOR PROTECTIVE ORDER<br><br>ORAL ARGUMENT REQUESTED |

Page 1 – PLAINTIFFS' RESPONSE IN OBJECTION TO FEDERAL DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Plaintiffs, by and through counsel, respectfully submit this response to Federal Defendants'[1] Motion for Protective Order. This case was filed five months ago and not only have plaintiffs not been allowed any discovery, there is no schedule in place for the production of the various administrative records relevant to plaintiffs' claims. Federal Defendants refer to their motion as one of "sequencing" but, in reality, it is an effort to avoid moving forward with discovery.

## I. Factual Background

Individual plaintiffs are extremely low income residents of Department of Agriculture Rural Development (RD) Section 515 subsidized rental housing at Golden Eagle II (GE) in Tillamook, Oregon. GE is owned and managed by Vicky Shiveley, trustee of the Gaylord G. and Vicky F. Shiveley Trust ("private defendants" or "owner"), who has sought to prepay the RD loan and thereby terminate the rental subsidies that the plaintiffs rely on. Plaintiff Tillamook County Community Action Resource Enterprises, Inc. (CARE) depends upon subsidized housing projects as a resource for its clients, including racial and ethnic minorities, who need access to safe, decent, sanitary and affordable housing. The loss of GE as a subsidized development will make it more difficult and costly for CARE to place clients in housing in Tillamook City and County.

Plaintiffs have alleged that: (1) the Federal Defendants violated the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq*., by implementing regulations inconsistent with the governing statute; (2) RD violated the APA by failing to establish standards for determining the effect of prepayment on minority housing opportunities; (3) RD violated the APA by approving the Private Defendants' request for prepayment without complying with the

---

[1] "Federal Defendants" are Defendants Michael Young, Roger Glendenning, Rich Davis, and Jill Reese, substituted for Thomas Vilsack, Lisa Mensah, Tony Hernandez, and Vicki L. Walker, pursuant to Fed. R. Civ. P. 25(d).

Page 2 – PLAINTIFFS' RESPONSE IN OBJECTION TO FEDERAL DEFENDANTS' MOTION FOR PROTECTIVE ORDER

requirements RD has implemented in Handbook 3-3560 and 7 C.F.R. § 3560.658(b); (4) the Federal Defendants failed to provide to the Individual Plaintiffs proper notice and appeal rights as required under the governing statute and regulations, violating the Individual Plaintiffs' due process protections and the APA; (5) the Federal Defendants' administration of the rural voucher program violates the APA because it encourages Section 515 owners to prepay loans despite Congress passing specific legislation to reduce such prepayments and is arbitrary and capricious; and (6) the RD regulations authorize the agency to terminate use restrictions imposed upon owners who prepay their Section 515 loans in a manner contrary to the authorizing statute. ECF 12.

These claims each fall under the scope of the Administrative Procedure Act, and one also falls under the Fifth Amendment to the U.S. Constitution. Plaintiffs have requested the administrative record pertaining to each of those claims from Federal Defendants. Federal Defendants object to production largely because it may be changing its final agency action, which only relates to two of Plaintiffs' claims.

## II.    Factual Background

Sections 515 and 521 of the Housing Act of 1949 ("Housing Act"), 42 U.S.C. §§ 1485, 1490a, provide for the development of low and moderate-income housing in rural areas, and the program is managed by the Rural Housing Service of USDA. The program incentivizes loans to private borrowers who build housing designated for qualified low-income, elderly, and disabled rural residents. The Housing Act was amended in 1979 and 1980, and then again by the Emergency Low Income Housing Preservation Act of 1987 (ELIHPA). ELIHPA, as amended in 1992, is codified at 42 U.S.C. § 1472 (c). ECF 12.

In May 2015, Private Defendants sought to prepay her Section 515 loan. Federal Defendants conducted a prepayment impact analysis in November 2015. From November 2015 through November 2016, Federal Defendants took steps in the prepayment process. Following the filing of the instant complaint, Federal Defendants agreed not to accept prepayment pending a ruling on Plaintiffs' motion for preliminary injunction. At the hearing on Plaintiffs' motion, Federal Defendants acknowledged unspecified administrative errors in the prepayment analysis and postponed prepayment approval until they were able to re-conduct a prepayment impact analysis.

### III.    Standard of Review

A protective order is appropriate only if the moving party can show "good cause" to be protected "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

### IV.    Argument

Discovery and evidence before the Court in an action under the APA are typically restricted to the administrative record in the matter. 5 U.S.C. § 706.

Plaintiffs raise six separate claims under the APA. Two claims, related to Federal Defendants' prior approval of Private Defendants' prepayment request (Claim 3) and to Federal Defendants' denial of Plaintiffs due process rights (Claim 4), follow the pattern of a general APA claim under 5 U.S.C § 706(2). They contest specific agency actions – approval – and the relevant administrative record is a closed, defined record. Plaintiffs concede that because of Federal Defendants' current re-completion of the prepayment analysis, the record related to the RD Oregon State Office approval of the prepayment request may not be yet closed. Plaintiffs concede that the administrative record related to these two claims may be properly filed by

Federal Defendants after re-completion of the prepayment analysis by the RD Oregon office. *See* ECF 36-1, Request for Production No. 1.

However, four of Plaintiffs' six claims are unusual under the APA in that there is not a defined record for Federal Defendants to file at a later time. Indeed, there is no particular time for the record, such as it were, to close. The Federal Defendants' re-completion of their impact analysis will have no effect on the record for these claims, so further delay in production of discovery is unwarranted. Plaintiffs have attempted to define the amorphous record that exists among several programs under Federal Defendants' control in order for Federal Defendants to more easily file it. *See* ECF 36-1, Requests for Production Nos. 2 through 10. Moreover, these requests are not properly characterized as extra-record evidence, but as parts of the administrative record itself.

Federal Defendants seek to postpone discovery on any of Plaintiffs' claims merely because Defendants are re-completing their prepayment analysis. However, the majority of Plaintiffs' claims are unrelated to the re-completed analysis. The analysis of whether the regulations are inconsistent with the statute (Claim 1) will not change before or after the re-completed analysis and Plaintiffs have specifically identified the portion of the administrative record that relates to that claim. *See* ECF 36-1, Requests for Production Nos. 2 and 3. Similarly, RD's failure to establish standards to determine prepayment's effect on minority housing opportunities and its obligation to affirmatively further fair housing (Claim 2) are unrelated to the outcome of one specific re-analysis. Instead, there are specific portions of the administrative record that relate to this claim. *See* ECF 36-1, Requests for Production Nos. 2, 3, 4, 5, and 9. The administrative record related to Federal Defendants' arbitrary and capricious administration of the rural voucher program (Claim 5) is not affected by the re-analysis. *See* ECF 36-1,

Requests for Production Nos. 4 through 8. Finally, the administrative record related to RD regulations authorizing itself to terminate use restrictions imposed upon owners who prepay their Section 515 loans contrary to statute (Claim 6) is also not contingent upon the re-analysis. *See* ECF 36-1, Requests for Production Nos. 8 and 10.

Though Federal Defendants claim a protective order will not prejudice Plaintiffs, Plaintiffs have a right to move their claims forward at a reasonable pace. This case is five months old. Federal defendants seek to unreasonably delay production of the various administrative records and other discovery in this case. At a minimum, defendants should be compiling the administrative records not affected by their re-analysis of the civil rights impact of prepayment and the court should set a schedule for production of those records.

## V. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order denying the federal defendants' request for a protective order and setting a schedule for the production of the various administrative records involved in this case.

DATED this 11th day of April, 2017.

OREGON LAW CENTER

/s/ Juhi S. Aggarwal
_____

Juhi S. Aggarwal, OSB No. 130764
jaggarwal@oregonlawcenter.org
Ellen Johnson, OSB No. 802785
eljohnson@oregonlawcenter.org
Michael Pijanowski, OSB No. 004426
mpijanowski@oregonlawcenter.org
Edward Johnson, OSB No. 965737
ejohnson@oregonlawcenter.org

230 NE 2nd Ave., Suite F
Hillsboro, OR 97124
(503) 640-4115

Of Counsel:

NATIONAL HOUSING LAW PROJECT

Gideon Anders, CA Bar No. 86872*
ganders@nhlp.org
Jessica Cassella, CA Bar No. 306875*
jcasella@nhlp.org
703 Market St.
San Francisco, CA 94103
(415) 546-7000

*Admitted Pro Hac Vice*