Juhi S. Aggarwal, OSB No. 130764
jaggarwal@oregonlawcenter.org
Ellen Johnson, OSB No. 802785
eljohnson@oregonlawcenter.org
Michael Pijanowski, OSB No. 004426
mpijanowski@oregonlawcenter.org
Edward Johnson, OSB No. 965737
ejohnson@oregonlawcenter.org
OREGON LAW CENTER
230 NE 2nd Ave., Suite F
Hillsboro, OR 97124
(503) 640-4115

Of Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| LILY HILBURN, LISA MCFALLS, MICHAEL MCFALLS, FRED WOODRING, and COMMUNITY ACTION RESOURCE ENTERPRISES, INC., an Oregon not-for-profit organization,<br><br>       Plaintiffs,<br><br> v.<br><br>SONNY PERDUE, Secretary of the Department of Agriculture; ROGER GLENDENNING, Acting Undersecretary for Rural Development; RICH DAVIS, Acting Administrator Rural Housing Service; JILL REES, Acting Oregon Rural Development State Director; GAYLORD GEORGE & VICKY SHIVELEY REVOCABLE TRUST; and VICKY F. SHIVELEY, Trustee,<br><br>       Defendants.[1] | Case No. 3:16-cv-02116-SI<br><br>PLAINTIFFS' RESPONSE IN OPPOSITION TO SHIVELEY DEFENDANTS' MOTION TO DISMISS<br><br>ORAL ARGUMENT REQUESTED |

---

[1] Sonny Perdue, Roger Glendenning, Rich Davis, and Jill Reese are substituted for Defendants Thomas Vilsack, Lisa Mensah, Tony Hernandez, and Vicki L. Walker pursuant to Fed. R. Civ. P. 25(d).

Page 1 – PLAINTIFFS' RESPONSE IN OBJECTION TO SHIVELEY DEFENDANTS' MOTION TO DISMISS

Plaintiffs, by and through counsel, respectfully submit this response to the Motion to Dismiss filed by Defendants Gaylord George and Vicky Shiveley Revocable Trust and Vicky F. Shiveley (Shiveley Defendants). The motion does not comply with local rule requirements and further should be denied as Shiveley Defendants are necessary parties to the action.

## I.   Factual Background.

Individual plaintiffs are extremely low income residents of Department of Agriculture (USDA) Rural Development (RD) Section 515 subsidized rental housing at Golden Eagle II (GE) in Tillamook, Oregon. GE is owned and managed by Vicky Shiveley, trustee of the Gaylord G. and Vicky F. Shiveley Trust, who has sought to prepay the RD loan and thereby terminate the rental subsidies that the plaintiffs rely on. Plaintiff Tillamook County Community Action Resource Enterprises, Inc. (CARE) depends upon subsidized housing projects as a resource for its clients, including racial and ethnic minorities, who need access to safe, decent, sanitary and affordable housing. The loss of GE as a subsidized development will make it more difficult and costly for CARE to place clients in housing in Tillamook City and County. Prior to the filing of this complaint, Shiveley Defendants entered into an agreement to sell GE after the prepayment of the RD loan to a third party (identity not currently known to the plaintiffs).

Plaintiffs have alleged that: (1) the Federal Defendants violated the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq*., by implementing regulations inconsistent with the governing statute; (2) RD violated the APA by failing to establish standards for determining the effect of prepayment on minority housing opportunities; (3) RD violated the APA by approving the Shiveley Defendants' request for prepayment without complying with the requirements RD has implemented in Handbook 3-3560 and 7 C.F.R. § 3560.658(b); (4) with respect to Shiveley Defendants' request for prepayment, the Federal Defendants failed to provide

Page 2 – PLAINTIFFS' RESPONSE IN OBJECTION TO SHIVELEY DEFENDANTS' MOTION TO DISMISS

to the Individual Plaintiffs proper notice and appeal rights as required under the governing statute and regulations, violating the Individual Plaintiffs' due process protections and the APA; (5) the Federal Defendants' administration of the rural voucher program violates the APA because it encourages Section 515 owners to prepay loans despite Congress passing specific legislation to reduce such prepayments and is arbitrary and capricious; and (6) the RD regulations authorize the agency to terminate use restrictions imposed upon owners who prepay their Section 515 loans in a manner contrary to the authorizing statute. ECF 12, pp. 17-24.

Sections 515 and 521 of the Housing Act of 1949 ("Housing Act"), 42 U.S.C. §§ 1485, 1490a, provide for the development of low and moderate-income housing in rural areas, and the program is managed by the Rural Housing Service of USDA. The program incentivizes loans to private borrowers who build housing designated for qualified low-income, elderly, and disabled rural residents. The Housing Act was amended in 1979 and 1980, and then again by the Emergency Low Income Housing Preservation Act of 1987 (ELIHPA). ELIHPA, as amended in 1992, is codified at 42 U.S.C. § 1472 (c). ECF 13, pp. 7-9.

In May 2015, Shiveley Defendants sought to prepay their Section 515 loan. ECF 12, p.10. Federal Defendants conducted a prepayment impact analysis in November 2015. *Id.*, p. 11. From November 2015 through November 2016, Federal Defendants took steps in the prepayment process. Following the filing of the instant complaint and Plaintiffs' motion for preliminary injunction, Federal Defendants and Shiveley Defendants jointly agreed not to complete the prepayment process, pending a ruling on Plaintiffs' motion. ECF 7. In January 2017, at the hearing on Plaintiffs' motion, Federal Defendants acknowledged unspecified administrative errors in the prepayment analysis and postponed prepayment approval until they were able to re-conduct a prepayment impact analysis. *See* ECF 38, p. 2. Federal Defendants re-

conducted their analysis and notified Shiveley Defendants of a new decision on April 24, 2017. ECF 38-1, pp. 1-2. Shiveley Defendants now have four choices: to prepay now with a ten year restrictive use agreement; to offer the property to sale now to non-profit organizations and public bodies and then prepay if no buyer is found; to forgo prepayment and stay in the Section 515 program, or to appeal RD's decision. *Id*. Shiveley Defendants have 30 days from the date of that letter to select a method of prepayment or sale or to appeal that decision. *Id*. Shiveley Defendants have not yet made their decision and are not likely to do so until at least late May 2017.

## II.     Argument.

### A.  Introduction.

Defendants ask that Shiveley Defendant's Motion to Dismiss be denied because (a) counsel for Shiveley Defendants failed to confer on the motion with Plaintiffs' counsel and (b) Shiveley Defendants are a necessary party under Fed. R. Civ. P. 19. Pursuant to local rule, a moving party must make a good faith effort to confer with the opposing party to resolve the dispute, and must discuss each claim, defense, or issue that is the subject of the proposed motion. Or. Dist. Ct. L.R. 7-1(a). Certain persons may be required to be joined in an action if feasible. Fed. R. Civ. P. 19(a).

### B.  Lack of Conferral Warrants Denial of Defendants' Motion.

Counsel for Shiveley Defendants did not confer with plaintiffs' counsel regarding his intent to file a Motion to Dismiss on behalf of his clients. The filed motion does not meet certification requirements and should therefore be denied under local rule. Or. Dist. Ct. L.R. 7-1(a)(3).

### C. In the Alternative, Shiveley Defendants are Necessary Parties to the Proceeding.

Under Fed. R. Civ. P. 19(a), a party may be a necessary party for three reasons. First, a person is necessary "if, in his absence, the court cannot accord complete relief among existing parties." *Salt River Project Agric. Improvement and Power Dist. v. Lee*, 2012 LEXIS 10862, *8, (9th Cir. 2012) (citing Fed. R. Civ. P. 19(a)(1)(A)). Second, a person is necessary "if he has an interest in the action and resolving the action in his absence may as a practical matter impair or impede his ability to protect that interest." *Id.* (citing Fed. R. Civ. P. 19(a)(1)(B)(i)). Third, a person is necessary "if he has an interest in the action and resolving the action in his absence may leave an existing party subject to inconsistent obligations because of that interest." *Id.* (citing Fed. R. Civ. P. 19(a)(1)(B)(ii)).

Shiveley Defendants are a necessary parties in this action for all three of these reasons. If the Court were to make any orders related to the prepayment of the GE mortgage, Shiveley Defendants would be a necessary party to accord complete relief to plaintiffs. Further, plaintiffs are seeking relief related to RD's enforcement of statutory obligations as related to Shiveley Defendants' property interest in GE and Shiveley Defendants' obligation to sell GE to a third party. The Shiveley Defendants' dismissal from this action, particularly when they have not chosen among the currently available options on their prepayment request, will impair their ability to protect either of those interests. Shiveley Defendants are necessary in the case to also ensure that RD is not subject to inconsistent obligations related to GE.

//

//

//

Page 5 – PLAINTIFFS' RESPONSE IN OBJECTION TO SHIVELEY DEFENDANTS' MOTION TO DISMISS

### III.    Conclusion.

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order denying the Shiveley Defendants' Motion to Dismiss.

DATED this 1st day of May, 2017.

OREGON LAW CENTER

/s/ Juhi S. Aggarwal
_____

Juhi S. Aggarwal, OSB No. 130764
jaggarwal@oregonlawcenter.org
Ellen Johnson, OSB No. 802785
eljohnson@oregonlawcenter.org
Michael Pijanowski, OSB No. 004426
mpijanowski@oregonlawcenter.org
Edward Johnson, OSB No. 965737
ejohnson@oregonlawcenter.org
230 NE 2nd Ave., Suite F
Hillsboro, OR 97124
(503) 640-4115

Of Counsel:

NATIONAL HOUSING LAW PROJECT

Gideon Anders, CA Bar No. 86872*
ganders@nhlp.org
Jessica Cassella, CA Bar No. 306875*
jcasella@nhlp.org
703 Market St.
San Francisco, CA 94103
(415) 546-7000

*Admitted Pro Hac Vice*