# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LISA McFALLS, MICHAEL McFALLS, FRED WOODRING, and COMMUNITY ACTION RESOURCE ENTERPRISES, INC.**, <br><br> Plaintiffs, <br><br> v. <br><br> **SONNY PURDUE, Secretary of the Department of Agriculture; ROGER GLENDENNING, Undersecretary for Rural Development; RICH DAVIS, Administrator Rural Housing Service; and JOHN E. HUFFMAN, Oregon Rural Development State Director**, <br><br> Defendants. | Case No. 3:16-cv-2116-SI <br><br> **OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

Plaintiffs are seeking to compel the production of documents in order to review them to consider whether they should later be requested to be added to the administrative record. The Court requested that the process of supplementing the administrative record be split into two steps: Step One a motion to compel the production of documents that Plaintiffs believe may be relevant and potentially includable in the administrative record and Step Two a motion to

supplement the record or have the Court consider extra-record materials. Before the Court is Plaintiffs Step One motion, requesting an order compelling the production of certain documents from Defendants.

Plaintiffs continue to request production of six categories of documents. Defendants generally object to producing most documents based on the argument that supplementing the record and associated discovery is not appropriate under the Administrative Procedures Act. The Court, however, specifically directed the parties that at this step whether the documents are appropriate for supplementing the administrative record or whether discovery is appropriate under the Administrative Procedures Act is not to be considered. Arguments relating to whether documents should be allowed as supplemental or extra-record materials are preserved and are to be raised during the second stage, when Plaintiffs move to supplement the record. For this motion, the Court directed the parties to focus on the burden to Defendants in producing the requested materials, and ensuring that the requested documents do not merely have "tangential" or "speculative" relevance.

1. **CRIAs from Other States**

Plaintiffs' request for CRIAs from other states was discussed on the June 17, 2019 telephone conference with the Court. The Court asked Defendants if producing three years of these documents would be burdensome. Defendants assert, based on a declaration from an apparently new RD employee relying on hearsay from someone in one state office, that depending on the circumstances it could take 6-8 hours to manually locate each relevant document. Thus, Defendants argue, this request is unduly burdensome. Plaintiffs respond that RD has computer systems that identify prepaid properties and thus a manual search is not necessary. Plaintiffs also submit the declaration of a 31-year RD employee, former RD Director of the Multi-Family Housing Preservation and Direct Loan Division, and former RD Acting

PAGE 2 – OPINION AND ORDER

Deputy Administrator for Multi-Family Housing. This witness estimates it will take less than 30 minutes to locate the relevant documents in each office and that the task can be performed by RD support staff.

Plaintiffs also offer to reduce the request to only 15 states, which Plaintiffs will identify if the Court grants this motion. Plaintiffs further offer to reduce the request to only the CRIA and RD's letters, which are contained in two identified tabs in RD's files. Considering all of the submitted information, the Court does not find that production of the requested information, particularly as modified by Plaintiffs, would be unduly burdensome. Defendants, however, also express concern that Plaintiffs will "cherry pick" the 15 states. Defendants therefore have the option of producing documents from the 15 states that will be identified by Plaintiffs or documents from all 50 states. This motion is granted.

**2. Administrative Notices and Unnumbered Letters**

Plaintiffs accept Ms. Jacobsen's contention that she has been unable to locate any additional administrative notices and unnumbered letters. Plaintiffs request, however, that if they have not already searched, the USDA Office of General Counsel and the RD St. Louis office also search to determine whether copies of pertinent ANs or ULs are available. That request is granted.

**3. Contracts Between RD and Quadel and/or ICF**

RD located the 2010 contract and 2014 extension with Quadel and ICF. Defendants are ordered to produce these contracts because it is not unduly burdensome.

**4. Reports Submitted by Quadel and/or ICF**

Defendants assert that they have searched agency files and located monthly reports from 2010-2016 but could not locate any older reports. Defendants shall confirm that the

St. Louis office searched for responsive documents and, if not, shall have the St. Louis office search for responsive documents. Defendants shall produce all located reports.

**5. Communications Between RD and Quadel and ICF**

Plaintiffs request email communications between Stephanie White at RD and Quadel or ICF. Considering the burden in searching email communications, the fact that Plaintiffs will have the reports submitted by Quadel and ICF and the contracts with these entities, and the limited relevance of the requested email, the Court denies this motion.

**6. Agency Voucher Administration Workflow System**

Defendants have located RD's seven-part Functional Specifications for its Voucher Processing Workflow System. Defendants do not assert that it would be unduly burdensome to produce this document. Although Defendants assert that it is irrelevant to Plaintiffs' voucher-related claim, it appears that this document may have been directly or indirectly considered by RD in making voucher eligibility determinations. Accordingly, Defendants are ordered to produce the Functional Specifications for its Voucher Processing Workflow System.

## CONCLUSION

Plaintiffs' motion to compel (ECF 90) is GRANTED IN PART.

**IT IS SO ORDERED**.

DATED this 30th day of August, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge