**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 28 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| COMMUNITY ACTION RESOURCE ENTERPRISES,<br><br>        Plaintiff-Appellant,<br><br> v.<br><br>THOMAS VILSACK, Secretary of the Department of Agriculture, et al.,<br><br>        Defendant-Appellee. | No.   22-35539<br><br>MEMORANDUM* |

On Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted June 13, 2023**
Portland, Oregon

Before: RAWLINSON AND SUNG, Circuit Judges, and RAKOFF,*** District Judge.

      This case concerns a low-income housing development in Tillamook County,

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\*    The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Oregon known as "Golden Eagle II" (hereinafter, "GE"), whose former owner received a subsidized loan under section 515 of the Housing Act of 1949, Pub. L. No. 87-171. When Defendant-Appellee the United States Department of Agriculture Rural Development ("RD") approved prepayment of that loan, Plaintiff-Appellant Community Action Resources Enterprises ("CARE") filed a complaint in the United States District Court for the District of Oregon, claiming that RD's decision and RD's procedures for making such decisions were arbitrary and capricious, and that its regulations implementing section 515 of the Housing Act were unlawful. While CARE's claims were still pending, third-party Northwest Coastal Housing ("Northwest Coastal") purchased GE and assumed its section 515 loan. Northwest Coastal indicated that it had no intention to prepay the section 515 loan, and it also recorded a restrictive covenant that prevented GE from exiting the section 515 program until 2051. The district court then dismissed CARE's complaint as moot, in a decision that plaintiff now appeals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

  1. Under Article III of the Constitution, federal courts "have 'no business deciding legal disputes or expounding on law in the absence of . . . a case or controversy." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006)). A case becomes moot "when the issues presented are no longer live or the parties lack a legally cognizable

interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (internal quotations omitted). Thus, a case becomes moot—and therefore must be dismissed for lack of subject matter jurisdiction—whenever it is "no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Alvarez v. Smith*, 558 U.S. 87, 93 (2009).

In this case, any actual controversy dissolved when GE was sold to Northwest Coastal. Each of CARE's claims challenge RD's actions and policies related to an application for prepayment of GE's section 515 loan. After GE was sold to Northwest Coastal, however, no application to prepay that loan remained pending. Additionally, Northwest Coastal does not plan to file an application for prepayment, and Northwest Coastal also has recorded a restrictive covenant that ensures GE will remain within the section 515 program until 2051. Thus, this case is no longer "embedded" in an "actual controversy" concerning CARE's legal rights. *Id.*

CARE argues that it still retains an interest in invalidating RD's policies and regulations that specify how it will resolve other prepayment application in the future. But a moot case "cannot be revived by alleged future harm that is so remote and speculative that there is no tangible prejudice to the *existing interests* of the parties." *Doe No. 1 v. Reed*, 697 F.3d 1235, 1239 (9th Cir. 2012) (internal quotation omitted). If another low-income housing development seeks prepayment in the future, and CARE wishes to challenge RD's decision with respect to that project, it

3

can do so then.

2. In the alternative, CARE argues that the voluntary cessation exception to mootness applies. When a defendant "end[s] its unlawful conduct once sued," the case is mooted only if the defendant can show that "the allegedly wrongful behavior could not reasonably be expected to recur." *Already*, 568 U.S. at 91 (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 190 (2000)).

It is unclear whether this case is within the scope of the voluntary cessation exception, for it is not clear that the conduct of RD (rather than that of GE's former owner) eliminated the controversy between RD and CARE. Even if it is, however, the district court correctly determined that RD shouldered its burden of proof. After GE was sold to Northwest Coastal, GE became subject to a restrictive covenant that prevented it from exiting the section 515 program until 2051. Thus, any possibility of RD's continuing to engage in its allegedly unlawful conduct with respect to GE is "entirely speculative," *Already*, 568 U.S. at 92, and the voluntary cessation exception to mootness does not apply.[1] CARE's contention that RD might engage in

---

[1] CARE argues that doctrine of law of the case compelled the district court to find that the voluntary cessation exception to mootness applies. Even though the district court did find that the voluntary cessation exception applied at a prior point in this case, it did so under a different set of facts from that presented by the motion to dismiss that is currently subject to appeal. Additionally, the law of the case doctrine "does not preclude a court from reassessing its own legal rulings in the same

4

the allegedly unlawful conduct in relation to other housing developments does not prevent this case from being mooted because CARE brought only an "as-applied" challenge to RD's decision to approve prepayment for GE.

The decision of the district court is **AFFIRMED.**

---

case." *Askins v. U.S. Dep't of Homeland Security*, 899 F.3d 1035, 1042 (9th Cir. 2018).